United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

February 12, 2025

*By the Court:*

No. 25-1191

| | |
|---|---|
| CORNELIUS WALKER,<br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:20-cv-00261 |
| THOMAS J. DART and COOK COUNTY, ILLINOIS,<br> *Defendants-Appellees*. | Mary M. Rowland,<br>*Judge*. |

**O R D E R**

  A notice of appeal filed before the district court issues its ruling on a timely motion under Rule 59 of the Federal Rules of Civil Procedure is ineffective until the order disposing of the motion is entered on the district court's civil docket. FED. R. APP. P. 4(a)(4). In the present case, Cornelius Walker filed a Rule 59 motion on January 24, 2025, within 28 days of entry of judgment on January 21, 2025. As Walker recognizes, his motion renders this appeal premature, because the district court has not yet disposed of the motion and entered its order on the civil docket. *Florian v. Sequa Corp.*, 294 F.3d 828, 829 (7th Cir. 2002).

  This court nevertheless construed Walker's petition for interlocutory review as a notice of appeal, because since 1993, the Federal Rules of Appellate Procedure permit a litigant to file a premature notice of appeal from a judgment prior to the resolution of a Rule 59 motion and have that appeal ripen later. *See* FED. R. APP. P. 4(a)(4)(B); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. State of Wis.*, 957 F.2d 515, 516 (7th Cir. 1992) (discussing history leading to amendment). The motion renders the notice of

appeal temporarily ineffective, but the appeal springs into effect the moment the Rule 59 motion is denied. *See* FED. R. APP. P. 4(a)(4)(B)(i); *Florian*, 294 F.3d at 829. Thus, even if we assumed for the sake of argument that filing a Rule 59 motion would render an otherwise final judgment into an "interlocutory decision" within the meaning of 28 U.S.C. § 1292(e)—the enabling statute for Rule 23(f)—there would never be a purpose in our granting permissive review in that posture. Either the district court will deny the Rule 59 motion, returning finality to the judgment and opening the path to an appeal as of right, or it will grant the Rule 59 motion and vacate the judgment leaving us nothing to review by either appeal *or* petition until the district court enters a new final decision or a new order subject to Rule 23(f). Our review of the challenged judgment will either come from an appeal or from nothing, so we offered Walker the appeal, knowing that the appeal would be premature and need to be suspended once docketed.

In response to the Rule 59 motion, the district court has entered an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure, suggesting both that the motion raised a substantial question (which would ordinarily prompt this court to remand while *retaining* jurisdiction) and that it was inclined to vacate its judgment (which would ordinarily prompt this court to remand while *relinquishing* jurisdiction). *See Boyko v. Anderson*, 185 F.3d 672, 675 (7th Cir. 1999) (discussing local predecessor to Rule 62.1). This ambiguity is not a problem here because we have no jurisdiction to retain or relinquish and an indicative ruling was therefore unnecessary. Such an order is required only when "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." FED. R. CIV. P. 62.1(a). The district court did not lack any authority to grant the motion currently before it. *See Gelin v. Baltimore Cnty.*, 122 F.4th 531, 539 (4th Cir. 2024) (collecting cases). Again, per Rule 4(a)(4), the appeal is not effective—and thus not "pending" in a real sense— until the Rule 59 motion is disposed of. It is therefore the district court, not this court, that has the exclusive authority to act. That is the holding of *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982), though the case is more often cited for the inverse proposition and was decided before the 1993 amendments allowed premature appeals to ripen later.

Accordingly, this court will take no action on the indicative ruling. The district court is free to conduct whatever process it deems necessary to consider fully the arguments before it up to and including vacating its judgment, all without requesting or awaiting this court's permission. If the judgment is vacated, then Walker may withdraw this appeal, *see* FED. R. APP. P. 42(b). or we may then dismiss it for lack of jurisdiction. If the district court stands by its judgment, then this appeal will be waiting for Walker, and we will resolve it along with any amendment he may file in response to the district court's disposition of his motion. FED. R. APP. P. 4(a)(4)(B)(ii).

IT IS ORDERED that proceedings in this appeal are SUSPENDED pending disposition of the Rule 59 motion. But so that this court may keep aware of what is transpiring in the district court, this court will order periodic status reports. Walker shall file the first of these status reports within seven days of a ruling on the motion for reconsideration, or on or shortly before March 12, 2025, if no order has yet issued.